Petition for Writ of Mandamus Denied and Memorandum Opinion filed July
29, 2004









Petition for Writ of Mandamus Denied and Memorandum
Opinion filed July 29, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00435-CV

____________

 

IN RE LISA P.H. LIN, PAUL C.K.
LIN, AND EUROPAMERICA ORIGINALS, INC., Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

On May 3, 2004, relator filed a petition for
writ of mandamus in this Court.  See Tex. Gov=t. Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  








Mandamus is an extraordinary remedy, available only when a
trial court clearly abuses its discretion, either in resolving factual issues
or in determining legal principles, and there is no other adequate remedy by
appeal.  In re Kuntz, 124 S.W.3d
179, 180 (Tex. 2003) Walker v. Packer, 827 S.W.2d 833, 839‑40
(Tex. 1992).  In determining whether
there has been a clear abuse of discretion justifying mandamus relief, the
reviewing court must consider whether the trial court=s ruling was arbitrary, unreasonable,
or reached without reference to any guiding rules or principles, amounting to a
clear and prejudicial error of law.  Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917-18 (Tex. 1985).  When alleging that a trial court abused its
discretion in its resolution of factual issues, the party must show the trial
court could reasonably have reached only one decision.  Id. at 918.  As to the determination of legal principles,
an abuse of discretion occurs if the trial court clearly fails to analyze or
apply the law correctly.  Walker,
827 S.W.2d at 840.

We find relators have failed to demonstrate the trial court
abused its discretion.  Accordingly, we
deny relators= petition for writ of mandamus. 

 

PER CURIAM

 

 

Petition Denied
and Memorandum Opinion filed July 29, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore (Edelman, J., would set for argument).